Opinion by Tilson, J. The record showed that certain items of the merchandise consist of hats or hoods of ramie and cellophane similar in all material respects to those the subject of Abstract 47291. Upon the established facts and following the authority cited the merchandise in question was held dutiable as claimed.

Before the Third Division, January 18, 1946

**No. 50823.**—Protests 33455–K, etc., of Continental Ceramics Corp. et al. (New York).

Opinion by Keefe, J. At the trial it was stipulated that the merchandise consists of oatmeals or oatmeal saucers, chowder cups, and puree cups the same in all material respects as those passed upon in *Copeland & Thompson* v. *United States* (12 Cust. Ct. 85, C. D. 833) and *Johnson Bros.* v. *United States* (15 id. 113 C. D. 955). In accordance therewith the merchandise was held dutiable as claimed.

**No. 50824.**—Protests 70025–K, etc., of Corporacion Argentina de Productores de Carnes et al. (New York).

Opinion by Keefe, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 50825.**—Protests 40730–K/89574, etc., of E. H. Scott Radio Laboratories, Inc. (Chicago).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50826.**—Protests 40740–K/89573, etc., of Stanley Belting Corp. (Chicago).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the

invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50827.**—Protest 46361–K of H. & S. Pogue Co. (Cleveland).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protest was sustained to this extent.

**No. 50828.**—Protests 46418–K, etc., of Hickey-Freeman Co. (Rochester).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries. The protests were sustained to this extent.

**No. 50829.**—Protests 55991–K, etc., of Jaeger Co., Inc. (New York).

Opinion by EKWALL, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83, decided February 5, 1945.) In accordance therewith it was held that the currency of the invoices should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on each of the entries involved. The protests were sustained to this extent.

**No. 50830.**—Protest 56339–K of Jas. E. Caldwell & Co. (Philadelphia).